Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel: 818.296.9508

*Attorneys for Defendants*
Mayur Deepak Patil, Furor Media LLC,
Crunch Media, LLC, & Travly, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10PM CURFEW, LLC, a California Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MAYUR DEEPAK PATIL; FUROR MEDIA, LLC, a Tennessee Limited Liability Company; CRUNCH MEDIA, LLC, a Tennessee Limited Liability Company; TRAVLY, INC, a Bahamas Corporation<br><br>　　　　　　Defendants. | Case No. 23-cv-02805-MEMF-MRW<br><br>*Assigned to the Hon. Maame Ewusi-Mensah Frimpong*<br><br>**DECLARATION OF CORY A. BASKIN IN SUPPORT OF DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE TRANSFER, OR IN THE ALTERNATIVE DISMISS COMPLAINT**<br><br>**<u>Hearing</u>**<br>Date: August 24, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 8B (*Request for Zoom hearing anticipated to be filed by moving party)<br><br>Complaint Filed:　April 14, 2023<br>Trial Date:　　　None Set |

**DECLARATION OF CORY A. BASKIN**

I, Cory A. Baskin, declare as follows:

1. I am a practicing attorney at witkow | baskin, a member of the California State Bar since 2005 (SBN 240517), and counsel in this action for Defendants Mayur Deepak Patil ("Patil"), Furor Media, LLC ("Furor"), Crunch Media, LLC ("Crunch"), and Travly, Inc. ("Travly") (collectively, "Defendants"). Based on my responsibilities and my own involvement in the facts and circumstances described below, I have personal knowledge of the facts set forth herein which I know to be true, except as to the matters that are stated on my information and/or belief, and as to those matters, I believe them to be true.

2. Pursuant to L.R. 7-3 and this Court's Civil Standing Order, I first reached out to Jeffrey Cohen, counsel for Plaintiff 10PM Curfew, LLC ("10PM"), to meet and confer regarding the instant Motion—or rather, ideally, in the hopes of avoiding the necessity of filing the instant Motion—via a detailed email on June 14, 2023. In this email, in addition to substantially setting forth the procedural and substantive basis for this Motion, I also invited Mr. Cohen to meet and confer telephonically so that we could engage in a real-time contemporaneous exchange on the issues. A true and correct copy of my initial June 14 email to Mr. Cohen is included as part of the more fulsome email chain attached hereto as <u>Exhibit 1</u>.

3. On June 20, 2023, Mr. Cohen sent a response letter refuting the arguments in my June 14, 2023 email and indicating that 10PM was not inclined to amend the Complaint or agree to a stay of this action. A true and correct copy of Mr. Cohen's letter is attached hereto as <u>Exhibit 2</u>.

4. On June 22, 2023, Mr. Cohen and I engaged in a lengthy—over 1 hour I believe—telephonic meet and confer discussing the issues in detail. At the end of the call, Mr. Cohen indicated that he would further discuss with his client the notion of amendment to add further details regarding its claims, in particular more specificity regarding the alleged trade secrets at issue and distinguishing factors between the nine claims.

5. On June 28, 2023, however, Mr. Cohen emailed me to advise that 10PM would not in fact be amending its Complaint, believing that all of the claims were sufficiently pled and invoked protectable trade secrets. I responded to Mr. Cohen via email the following morning (June 29, 2023) expressing my disappointment at this decision, providing further extensive factual details calling into question the allegations in the Complaint, and advising that, in light of these facts, 10PM's continued prosecution of these claims would appear to be in faith. Mr. Cohen replied later that afternoon, reiterating his client's refusal to amend, but (tellingly) without in any way refuting my client's factual assertions. In this regard, seemingly without investigating these facts, Mr. Cohen merely stated that a "12(b)(6) motion . . . is not an opportunity for the defendants to argue the facts. . . [so] your unilateral challenge to the facts is largely irrelevant." A true and correct copy of these email exchanges are also part of the email chain attached hereto as Exhibit 1.

6. On July 2, 2023, prior to filing the instant Motion, in order to apprise this Court of the status of the earlier-filed Indiana Action involving substantially the same parties and issues, N.D. Ind. Case No. 4:23-cv-00016-JPK (the "Indiana Action"), I accessed the docket for that matter via PACER and printed it to pdf. True and correct copies of this docket, as well as Patil and Furor's Complaint [ECF 1] and the parties' respective briefs in connection with 10PM's Motion to Dismiss in that action [ECF 22, 32, & 35] are attached as Exhibits 1 thru 5 to Defendants' Request for Judicial Notice ("RJN") submitted concurrently herewith.

7. In addition, prior to filing the instant Motion, I accessed the California Secretary of State's online business portal to review various official corporate records filed by 10PM and maintained by the State of California. True and correct copies of two such records—10PM's August 17, 2022 Statement of Information and 10PM's December 22, 2022 Certificate of Cancellation—are attached as Exhibits 6 & 7 to Defendants' accompanying RJN.

1  I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct.
3  Executed on July 5, 2023, at Paso Robles, California.

/s/Cory A. Baskin
Cory A. Baskin