# EXHIBIT 1

# Cory Baskin

| | |
|---|---|
| **From:** | Jeffrey Cohen <jcohen@cohenblg.com> |
| **Sent:** | Thursday, June 29, 2023 4:28 PM |
| **To:** | Cory Baskin |
| **Cc:** | Torin A. Dorros; Nadine Alsaadi |
| **Subject:** | RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3 |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Cory:

As you know the 12(b)6 motion we are discussing is not an opportunity for the defendants to argue the facts. So from the perspective of the motion we are discussing, and any amendment to the complaint, your unilateral challenge to the facts is largely irrelevant – but noted for discovery purposes. I do think a few early subpoenas are in order and I welcome your submission of the evidence you describe for our evaluation and am not opposed to some bilateral agreement to do so.

However, as to the motion, the concerns that you have raised are simply not sufficient to require an amendment. If they were, I would be perfectly willing to address them but as I've pointed out I think the claims are more than sufficient as pleaded despite the purported "deficiencies" that you have raised. Anyting that you claim to be unnecessarily included, such as the reference to the Beauty ASMR channel that your client took for his own use, can get sorted out in discovery. The reference to the taking of this channel is an integral part of the story and just because the channel itself may not be the "Trade Secret" doesn't preclude us from mentioning it in the complaint – for example.  The other issues we have addressed in our prior correspondence.

Given the lack of substance in the purported concerns you have raised, it seems like any motion you file will have been filed solely for the purpose of delaying the matter further. The matter has been delayed enough as we have discussed. If that is the reason you are considering the motion, we encourage you not to do so and ask that you please reconsider, and instead, let's move on to discovery in this case rather than wasting the court's time. Clearly our respective clients have differing views of the facts and you and I will need to get to the bottom of what's what.

We are, of course, always willing to consider any further legitimate concerns you have as to the complaint if you believe it would be helpful.

Best Regards,

Jeff

**Jeffrey A. Cohen**
**COHEN** | BUSINESS LAW GROUP
A Professional Corporation
**BUSINESS | CORPORATE | IP | INTERNET LAW**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Main 310-469-9600
Fax 310-469-9610
Email: JCohen@Cohenblg.com

TRANSACTIONS AND LITIGATION
| BUSINESS | CORPORATE | INTERNET & TECHNOLOGY | INTELLECTUAL PROPERTY | NEW MEDIA | DATA SECURITY |
_____

IMPORTANT: This message, including any attachments, is intended for the use of only the individual or entity to whom it is addressed. It may contain information that is confidential and/or protected from disclosure under the attorney-client privilege, joint defense privilege, the attorney work product doctrine or other applicable law. If the reader of this message is not the intended recipient (or an authorized employee or agent of the intended recipient), you are hereby notified that any distribution, copying, use or retention of this message is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete all copies from your inbox and your computer system.
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Thursday, June 29, 2023 9:38 AM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Jeff:

It seems (notwithstanding your doctor's appointment) unlikely that you ever seriously considered amending your client's complaint, despite its myriad manifest flaws. Again, we have definitive proof that (a) 10PM (Darren) rejected the Beauty ASMR pilot that Mayur prepared for 10PM (you should check Darren's text messages rather than taking his word for it); (b) that Mayur did NOT pitch the Beauty ASMR concept to 10PM's contact, but rather pitched it to his own contact at Snapchat India (which accepted it); (c) that Mayur never represented to Snapchat India that he was making the pitch on behalf of 10PM; (d) that the compilation videos that Mayur pitched to Snapchat India re the Beauty ASMR idea was far from identical to the Beauty ASMR pilot prepared for 10PM (and this video is not a protectable trade secret anyway as it is a compilation of publicly available clips from influencers, nor is the name "Beauty ASMR" any trade secret or "property" of 10PM); and (e) the "secret" witness you believe has the "goods" on Mayur (presumably "Ali") was separately paid by Mayur for his work by Mayur and was thus NOT working on 10PM's dime.

Moreover, although not relevant to the C.D. Cal. case, your assertions that Mayur was not physically in Indiana at Purdue as a basis for the pending motion to dismiss in the N.D. Indiana and accompanying belief that that motion is likely to prevail (as a justification for refusing to agree to a stay to the instant C.D. Cal matter pending the determination of that motion) is both stubborn and misguided. Your client's assertion that it/they (Darren and Raz) did not know Mayur was physically in Indiana at Purdue when they lobbied and hired him to work for 10PM is belied by, among other things, Darren's text messages to Mayur in early 2021 telling him to "wrap up school so we can . . . work with you again in the near future and get back to business" and Darren replying to Mayur's Instagram stories showing Mayur getting a haircut on campus and at the basketball court on campus at Purdue and other texts with Raz telling Mayur that he should "not be negotiating this hard [about the equity promised to him in 10PM but never delivered by 10PM] while in school" and, of course, Mayur's lease for on-campus housing during the relevant period. Again, we are advising you NOT to just take your clients' inaccurate and seemingly intentionally false representations about their "truth" about Mayur's "misconduct" at face value and conduct an actual investigation into your client's accusations by evaluating *THEIR* evidence. Rule 11 requires it. The allegations asserted by you on behalf of your clients in the C.D. Cal. Complaint (and your preceding "document preservation" correspondence) manifest little more than acceptance of their tales at face value.

As to the requirement that you specify the statutory basis for 10PM's trade secret claim, even a quick googling clarifies that a DTSA claim is a different animal from UTSA claim. See e.g., https://www.finnegan.com/en/insights/articles/three-years-later-how-the-defend-trade-secrets-act-complicated-the-law-instead-of-making-it-more-uniform.html. However, since the Complaint (as pleaded) does NOT state federal question as a basis for subject matter jurisdiction—it only

references diversity (see para 18)—we must assume that the Complaint's trade secret claims arise exclusively under CUTSA. Any attempt by you to argue otherwise, with respect to this Complaint, will NOT be well-taken under these circumstances.

Moreover, as previously noted in our conversations regarding lack of specificity, there are utterly no conceivably well-pleaded allegations against any of the Defendants besides Mayur individually, which too should result in their dismissal of the case for failure to state any claims against them (the 3rd, 5th, 6th, and 9th claims are alleged against "all Defendants") without any facts as to their supposed (mis)conduct whatsoever. Paragraph 56's vague allegations, standing alone (as they do) are woefully deficient.

Finally, as to our proposal regarding an *exchange* of documents/information (not just a one-way presentation by our side), this exchange would ONLY be worthwhile at the present time in exchange for your side's agreement to stay or extend Defendants' time to respond to the C.D. Cal Complaint pending this exchange and your likely re-evaluation of the merits of your client's case resulting therefrom. Of course, had you not filed a motion to stay discovery in the N.D. Ind. case, this early evidence exchange would have likely already occurred. **Please advise by no later than end of day today (6/29)** whether or not your clients will agree to the stay pending the discussed preliminary exchange of information/evidence. If so, we expect that you will be prepared to provide us with PROOF that your client actually approved the Beauty ASMR pilot and requested that Mayur submit it to Snapchat (as alleged in paras 45-48 of the Complaint) and proof (if you have it) that Mayur used 10PM's supposed proprietary contact when doing so. We have bent over backwards to meet and confer with you on these issues and provide you with not only our insights, but the opportunity to avoid costly motion practice that is still premature before any motion to transfer venue/forum non conveniens has been brought by you/your client in the first-filed N.D. Indiana action. These are attorneys' fees chargeable to your client that are not well spent.

**If I don't receive further word from you on a potential resolution of these myriad issues teed up for motion, I will commence drafting the motion and presume you wish to invite such motion practice.**

Cory

**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard l Suite 700
Woodland Hills l California l 91364
818.296.9508 work l 818.296.9510 fax
cb@witkowlaw.com l **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Jeffrey Cohen <jcohen@cohenblg.com>
**Sent:** Wednesday, June 28, 2023 6:10 PM
**To:** Cory Baskin <Cb@witkowlaw.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Cory:

Thank you for your concern – I just had a Dr. appt that got rescheduled on me so I had to run out. All good.

As promised, we reviewed the topics that you and I discussed and as I mentioned during the call I simply don't see a need to delay the matter further by amending. All of the causes of action are properly and sufficiently pleaded. Certainly, there are and always will be additional facts that could be alleged or removed but each of the distinctions you have drawn are items that do not create any significant ambiguity in the causes of action and they can and will all be clarified in discovery. The fact that we allege that your client stole the name Beauty ASMR within the trade secret and fraud claim is not fatal to the claim by any stretch of the imagination. The cause of action makes perfectly clear that the basis of the trade secret claim is your clients use of the close relationship between the Company and the decision makers at Snapchat along with his knowledge about the nature of the relationship the Company had with Snapchat at that time. This is explicitly established in the complaint. The reference to "proprietary process" is not in any way fatal to the claim and simply describes further that your client built his company on the back of the Company's existing relationships – by misappropriating Company trade secrets in terms of whom they were in contact with and how they did things. Your client took these trade secrets and misappropriated them for his own use while holding a director level position within the Company. The other causes of action have nothing to do with trade secret and any effort to try to create some ambiguity by trying to paint them as the same will fail. As we discussed by phone, none of the other claims have anything to do with the claims asserted in the Trade Secret claim and each stands on its own.

As to your comment below, I'm not aware of any requirement that we identify CUTSA by name. If you have authority for that please advise and we will consider it. I believe that all we need to do is make allegations that establish the prima facia elements of the claim, which we have done, namely that your client took trade secret contact information and the nature of the relationship our client had with Snapchat and misappropriated it to his own benefit. All the elements of the claim are properly pleaded as we discussed. The fact that your client converted property, lied about what he did with it, for example, has nothing to do with his use for his own benefit of protected trade secrets (contact information and relationship details) which he only knew as the result of his trusted management role with the Company.

Furthermore, your client has had (or will have had) nearly 90 days to respond to the complaint. That includes a substantial delay that we agreed to in exchange for your waiver of personal service on the defendants. However, it has caused this case to sit still for that entire time when we should already be conducting discovery. We would strongly encourage your client not to focus on the minutia you have raised in the meet and confer letter and our call and instead answer the complaint so we can move on to discovery. Furthermore, we should also further our conversations about informal early discovery and exchange of information. As I mentioned, I believe that an early subpoena to Snapchat might do more to clean up the claims and establish settlement value than any 12(b)6 motion, particularly where it is denied in its entirety. Finally, your threat of seeking sanctions lacks merit entirely. We have fully and carefully considered each of the arguments you have put forth in good faith and have responded both in writing as well as having had a lengthy and meaningful conversation, which I came away from even more certain that the complaint is at least sufficient, on all claims, as filed.

Please advise as to your willingness to provide the pilot episode of Beauty ASMR which your client now claims he submitted which was not related to the Beauty ASMR pilot he was asked to submit for the company, which the complaint alleges he misappropriated, in whole or in part. That seems to be a more efficient path to a resolution of this matter than the 12(b)6 motion you propose to file.

Best Regards,

Jeff

**Jeffrey A. Cohen**
**COHEN | BUSINESS LAW GROUP**
A Professional Corporation
**BUSINESS | CORPORATE | IP | INTERNET LAW**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Main 310-469-9600
Fax 310-469-9610

Email: JCohen@Cohenblg.com

**TRANSACTIONS AND LITIGATION**

| BUSINESS | CORPORATE | INTERNET & TECHNOLOGY | INTELLECTUAL PROPERTY | NEW MEDIA | DATA SECURITY |

---

IMPORTANT: This message, including any attachments, is intended for the use of only the individual or entity to whom it is addressed. It may contain information that is confidential and/or protected from disclosure under the attorney-client privilege, joint defense privilege, the attorney work product doctrine or other applicable law. If the reader of this message is not the intended recipient (or an authorized employee or agent of the intended recipient), you are hereby notified that any distribution, copying, use or retention of this message is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete all copies from your inbox and your computer system.
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Wednesday, June 28, 2023 12:12 PM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Jeff:

I do hope your personal emergency has resolved and that you have had (or will imminently have) an opportunity to re-focus your attention on our meet and confer in this matter.

To that end, in addition to the topics we discussed during our meet and confer last week, and in connection with your consideration of amending 10PM's complaint (which, for reasons previously stated, appears to be absolutely necessary at a minimum to clarify and specify the trade secret(s) allegedly misappropriated), please be advised that amendment is also necessary because the complaint fails to specify whether the trade secret claim(s) is/are being brought under the DTSA, CUTSA, the trade secret laws of another state, or common law (although common law claims are not recognized in California at least since CUTSA). Again, given the vague nature of the pleading (which does not satisfy *Twombly* for myriad reasons), Defendants cannot even decipher the legal/statutory basis for the trade secret claims. This must be clarified. We strongly believe the Court will look askance at your/your client's refusal to voluntarily amend to address these concerns, which we have endeavored, in the spirit of cooperation and concern about the dubious legitimacy of your clients' allegations, to raise with you proactively.

We also remind you that your clients will be liable for Defendants' attorneys' fees upon a finding that your client's trade secrets claim(s) are/were brought in bad faith. Your/your client's refusal/inability to properly state any such claim certainly points to bad faith.

Again, I look forward to circling back on this issue with you tomorrow. If you wish to have a further call tomorrow, please propose a time to talk so as to ensure we do not play phone tag.

Cory


**Cory A. Baskin**

witkow | baskin
21031 Ventura Boulevard l Suite 700
Woodland Hills l California l 91364

818.296.9508 work | 818.296.9510 fax
cb@witkowlaw.com | **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Cory Baskin
**Sent:** Tuesday, June 27, 2023 7:53 PM
**To:** Nadine Alsaadi <nalsaadi@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Jeffrey Cohen <jcohen@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Hi Nadine:

Thank you for the update. I hope everything is ok with Jeff. I look forward to his response on Thursday. I really do think this complaint needs to be supplemented for the reasons previously discussed with Jeff during our meet and confer.


**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard | Suite 700
Woodland Hills | California | 91364
818.296.9508 work | 818.296.9510 fax
cb@witkowlaw.com | **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Nadine Alsaadi <nalsaadi@cohenblg.com>
**Sent:** Tuesday, June 27, 2023 3:45 PM
**To:** Cory Baskin <Cb@witkowlaw.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Jeffrey Cohen <jcohen@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Hi Cory,

I wanted to write and let you know that we need a little bit more time to respond to your request re amending the Complaint as Jeff needed to respond to a personal emergency. We will have a response for you by the end of the day Thursday. We appreciate your patience.

Best,

**Nadine Alsaadi**
*Associate*
**COHEN | BUSINESS LAW GROUP**
A Professional Corporation
**BUSINESS | CORPORATE | IP | INTERNET LAW**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Main 310-469-9600

Fax 310-469-9610
Email: nalsaadi@Cohenblg.com

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Tuesday, June 20, 2023 4:14 PM
**To:** Nadine Alsaadi <nalsaadi@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Jeffrey Cohen <jcohen@cohenblg.com>
**Subject:** Re: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Great. Thank you. I will plan on calling Jeff at 3 pm on 6.22.

**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 work I 818.296.9510 fax
cb@witkowlaw.com I **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

On Jun 20, 2023, at 3:52 PM, Nadine Alsaadi <nalsaadi@cohenblg.com> wrote:

Hi Cory,

Attached please find's Plaintiff's meet and confer correspondence.

Jeff is available for a call on 6/22 at 3:00 pm.

Thank you,

**Nadine Alsaadi**
*Associate*

**COHEN | BUSINESS LAW GROUP**
A Professional Corporation
**BUSINESS | CORPORATE | IP | INTERNET LAW**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Main 310-469-9600
Fax 310-469-9610
Email: nalsaadi@Cohenblg.com

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Tuesday, June 20, 2023 12:19 PM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>; Faezeh Hosseini <FHosseini@cohenblg.com>; Marisa Lloreda <MLloreda@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Hi Jeff:

Thank you for the heads-up. I look forward to reviewing your written response. As of now, I could do the afternoon of 6/27 for a call.

But I think my deposition on Thursday (6/22) will end by 2 pm… Thus, we could pencil in a 3 pm call on 6/22 if that works for you? I can send you a calendar invite for the call as a placeholder if you confirm timing.

**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard | Suite 700
Woodland Hills | California | 91364
818.296.9508 work | 818.296.9510 fax
cb@witkowlaw.com | **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Jeffrey Cohen <jcohen@cohenblg.com>
**Sent:** Tuesday, June 20, 2023 12:15 PM
**To:** Cory Baskin <Cb@witkowlaw.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>; Faezeh Hosseini <FHosseini@cohenblg.com>; Marisa Lloreda <MLloreda@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Hi Corey

Of course, we have not forgotten. Yes, we'll respond in writing today and I would ask that you digest that before we talk through it - but I do think a call is still a good idea as you suggested. I know you are not available tomorrow or Thursday. Unfortunately, I am unavailable Friday so if your deposition schedule changes, please let me know. Otherwise, how about Tuesday 6/27 for a date certain call?

Best Regards,

Jeff

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Tuesday, June 20, 2023 11:26 AM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>; Faezeh Hosseini <FHosseini@cohenblg.com>; Marisa Lloreda <MLloreda@cohenblg.com>
**Subject:** RE: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Hi Jeff:

Checking-in regarding my meet and confer correspondence from last week… Are you preparing a written response? Are you ready to meet and confer in real-time to discuss the issues? Do you intend to take a stab at voluntarily amending to avoid motion practice (at least as to the motion to dismiss, if not motion to stay)?

Please advise.

Thank you.

Cory

**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 work I 818.296.9510 fax
cb@witkowlaw.com I **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Cory Baskin
**Sent:** Wednesday, June 14, 2023 4:26 PM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>; Faezeh Hosseini <FHosseini@cohenblg.com>; Marisa Lloreda <MLloreda@cohenblg.com>
**Subject:** Re: 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Thank you. Will stand by.

**Cory A. Baskin**

**witkow | baskin**
21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 work I 818.296.9510 fax
cb@witkowlaw.com I **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow | baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

On Jun 14, 2023, at 4:22 PM, Jeffrey Cohen <jcohen@cohenblg.com> wrote:

Hi Cory.
Received. We will review and get back to you.
Best,

Jeff

**From:** Cory Baskin <Cb@witkowlaw.com>
**Sent:** Wednesday, June 14, 2023 2:31 PM
**To:** Jeffrey Cohen <jcohen@cohenblg.com>
**Cc:** Torin A. Dorros <TDorros@cohenblg.com>; Nadine Alsaadi <nalsaadi@cohenblg.com>; Faezeh Hosseini <FHosseini@cohenblg.com>; Marisa Lloreda <MLloreda@cohenblg.com>
**Subject:** 10PM Curfew CD Cal. Case-Meet and Confer per LR 7-3

Jeff:

Per our waiver of service agreement, Defendants' deadline to respond to 10PM's Complaint in the C.D. Cal action is July 5. In advance of that deadline and pursuant to Local Rule 7-3 (and Judge Frimpong's Standing Order), I write today on behalf of Defendants to invite you to **meet and confer, in real-time, at a mutually convenient date/time**, regarding Defendants' intention to respond to the Complaint by filing a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim and preemption under California's Uniform Trade Secrets Act ("CUTSA"), or, in the alternative, to Stay the action pending determination of the prior-filed N.D. Ind. action, or in the alternative, to Transfer the case to N.D. Ind. and consolidation/coordination with the N.D. Ind. action.

I understand, based upon our prior telephonic meet and confer in early May 2023 regarding the waiver of service procedure, that 10PM opposes and is not presently inclined to stipulate to a stay of this action pending determination of the N.D. Ind. action or transfer of this case to the N.D. Ind. Defendants believe that position is not well taken. *See e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96–97 (9th Cir. 1982) (instructing that the forum non conveniens argument should be addressed to the court in the first-filed action); *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239-41 (9th Cir. 2015) (applying *Pacesetter* and "first-to-file" rule despite non-identity (merely substantial overlap/similarity) of the parties and issues); *Sarieddine v. Alien Visions E-Juice, Inc.*, No. 219CV00601ABAFMX, 2019 WL 10252609, at *1-3 (C.D. Cal. Mar. 28, 2019) (granting motion to stay case filed in C.D. Cal. two months after substantially similar case was filed in M.D. Fla.). Accordingly, Defendants again urge you to voluntarily dismiss the instant C.D. Cal. action and re-file 10PM's claims, if at all, in the N.D. Ind. action, rather than burdening the parties' and the Court with motion practice.

In addition to the above procedural concerns, we have identified serious pleading deficiencies in the Complaint that call into question the viability of the claims as pleaded. Specifically, the gravamen of nine of the claims alleged in the Complaint appears to be 10PM's assertion that Defendants misappropriated 10PM's trade secrets. The Complaint, however, fails to satisfy the pleading standards under CUTSA (and *Twombly*) for the identification and misappropriation of those trade secrets. *See e.g.*, *Beaulieu Grp., LLC v. Bates*, No. EDCV151090JGBKKX, 2016 WL 7626471, at *11-14 (C.D. Cal. Oct. 18, 2016); *Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-CV-04769-RS, 2015 WL 7709655, at *4-5 (N.D. Cal. Apr. 13, 2015). Moreover, even if 10PM could state a proper misappropriation claim, the other eight claims in the Complaint would appear to be preempted under CUTSA because they are duplicative of the misappropriation claim. *Ibid.* Accordingly, to avoid unnecessary motion practice, and consistent with Section VIII(A) of the Court's Standing Order, Defendants suggest that you/10PM endeavor to amend the Complaint to comply with the pleading requirements under CUTSA and *Twombly* and consider withdrawing duplicative claims subject to preemption.

In the spirit of proactivity, please advise by no later than **June 20**, whether or not 10 PM will: (a) stipulate to stay the instant case pending the determination of the N.D. Ind. action; (b) dismiss the instant case without prejudice to its re-filing (in the form of a counterclaim) in the N.D. action; or (c) file a first amended complaint addressing the pleading deficiencies identified herein on or before July 5.

Absent your agreement to (a), (b), or (c), please do provide a few available windows (ideally before June 20) to meet and confer on these issues consistent with L.R. 7-3 and the Court's Standing Order. (Note, I will be in depositions all day on June 21 and June 22, but should be reasonably available to meet and confer at any other date/time between now and June 20, or, if necessary, between June 23 and June 28.)

Defendants and I look forward to your prompt and considered response.

Cory

**Cory A. Baskin**

**witkow** | **baskin**
21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 work I 818.296.9510 fax
cb@witkowlaw.com I **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the **witkow** | **baskin** law firm is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this message (or authorized to act on behalf of the intended recipient), you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

<L- Baskin 20230619 MTD Meet and Confer(S).pdf>