# EXHIBIT 2

# COHEN BUSINESS LAW GROUP
A Professional Corporation

**Attorneys**
Jeffrey A. Cohen
Nadine Alsaadi

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley
Torin A. Dorros*

*Also admitted in NY, WY and DC.

**Los Angeles Office**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

**South Bay Office**
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

June 20, 2023

Cory A. Baskin
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364

**Via Email only**
cb@witkowlaw.com

Re:  **10PM Curfew, LLC v. Mayur Deepak Patil; Furor Media, LLC; Crunch Media, LLC; Travly, Inc.**
Our Client:            10PM Curfew, LLC.
Our File Number:       7400.001
California Case No:    2:23-cv-02805-MEMF-MRW
Your Clients:          Mayur Patil, FurorMedia, LLC,
                       Crunch Media, LLC & Travly, Inc.

Dear Mr. Baskin:

We are in receipt of your June 14, 2023 meet and confer correspondence ("Defendants' Correspondence") regarding Plaintiff's complaint. We are available to meet and confer telephonically on the following days: June 27, 2023, and June 28, 2023. To provide you with 10PM Curfew's ("Curfew" or "Plaintiff") position and in an effort to have a substantive meet and confer, we have outlined Plaintiff's position regarding Defendants' intent to file 1) Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6); or in the alternative to 2) Stay the action; or in the alternative to 3) Transfer the action to Northern District of Indiana.

### Request to Stay or Transfer of the California Action

Your letter asks that Plaintiff consider either transferring the California case to Indiana or staying the California case until there is a determination in the Indiana case. While we appreciate and even share the concern that there are now two cases when perhaps one would do, the facts establish rather straightforwardly that the case that should remain is the California case. We have previously asked that your client dismiss the Indiana case and have, as you know, moved to dismiss that case based on serious and valid concerns that there is no jurisdiction over the defendants therein. Furthermore, and important to the discussion here, is the fact that the Indiana case is nothing more than a shadow of the California case filed purely as a legal maneuver to attempt to

gain some advantage by moving the case from the Plaintiff's home state filed solely in anticipation of the California case  - after defendants were put on notice of the California case by our records preservation letter outlining our claims against them, in their various particulars. Indiana counsel and the undersigned even had a lengthy conversation where we outlined the minutia of the claims that were being asserted, as a courtesy, in the hope that the obvious nature of the wrongdoing would result in settlement discussions. At no time did Indiana counsel mention or even hint that he intended to file any claim in Indiana or that California was in any way not the proper jurisdiction. Indeed, without notice and within days of that "Courtesy Call" Indiana counsel filed the Indiana declaratory relief mirror of the California action. The Indiana case will be seen for what it is, nothing more than an improper procedural maneuver, filed in anticipation of the California case which is ripe for dismissal so that the proper California case may proceed.

Nonetheless, we have carefully reviewed your letter, looking for any legitimate basis to consider either a stay or transfer of the California case. However, after doing so, we believe with even more certainty that the only correct outcome here is that the California Case should proceed forward and the Indiana case should be dismissed. Indeed, the cases cited in Defendants' Correspondence, along with the arguments made in support of the request to stay or transfer the California pending action fail entirely to consider the issue at hand which is, of course, the Anticipatory Suit Exception to the First to File Rule. Plaintiff sent a total of three demands to Defendant Mayur Deepak Patil and FurorMedia, LLC outlining the wrongful actions that Defendant Mayur Deepak Patil and FurorMedia, LLC have taken against Plaintiff, even inquiring specifically as to acceptance of service of the complaint. It was only after defendants receipt of all this correspondence from Plaintiff, that Defendant Mayur Deepak Patil and FurorMedia, LLC filed the action in the Northern District of Indiana seeking declaratory judgment against Curfew essentially for the same causes of action stated in Plaintiff's correspondence; therefore, the Indiana action is obviously nothing more than an Anticipatory Suit and as such must be dismissed in favor of the California case. *Ontel Products, Inc. v. Project Strategies Corp*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). Furthermore, while all the parties of the Indiana case are now present in the California case, the same cannot be said for the parties in the California case. The California case is against defendants not named or mentioned in the Indiana case at all such that the claims against these additional parties can only be addressed by allowing the California case to proceed. There certainly is no basis whatsoever to stay or dismiss those claims, nor has any been suggested in your request. Defendants Crunch Media, LLC and Travly, Inc are not parties to the Indiana action and are not included in any of the causes of action of the Indiana case, a court will likely find that staying the action is inappropriate where two defendants are not party to the other action. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015)

As you are aware, Curfew has already filed a motion to dismiss in the Indiana action for the court's lack of jurisdiction, among other things, and a motion to stay discovery pending the Indiana court ruling on Curfew's motion to dismiss. Before filing the motions, Plaintiff herein appropriately asked that Defendants stay discovery in the Indiana case pending a ruling on the motion to dismiss the case but Defendants have thus far refused. In the meantime, there has been no appropriate basis asserted to support the request for staying or transferring the pending California action. Given the case law cited above, the filing of the anticipatory Indiana claim is certainly no basis whatsoever.

Cory A. Baskin
witkow | baskin
June 20, 2023
Page 3 of 4

**Motion to Dismiss Pursuant to FRCP 12(b)(6)**

Anticipating that we would be unable to accommodate your request to stay or transfer the California case in favor of the Anticipatory Claim, you have also asked that we amend or dismiss the California claim. Again, we have taken your request seriously and have reviewed your cited law and considered your arguments in support.

Specificity.

As we understand it, Defendants assert that the claims asserted lack sufficient specificity that would be required under the California Uniform Trade Secrets Act ("CUTSA"); however, for the reasons set forth below, this is simply not the case. Plaintiff's allegations as to the Trade Secret claim are stated with exacting particularity (i.e. the relationships between Plaintiff and high level individuals at Snapchat and Instagram) and as such, the complaint need not be amended to further meet the specificity requirements of a claim under CUTSA. Plaintiff's Complaint also alleges with sufficient specificity that Defendants misappropriated Plaintiff's trade secrets and mis-used those trade secrets without Plaintiff's consent. These allegations all made in the Complaint with more than sufficient particularity given the issue at hand. See. e.g. Plaintiff's Complaint Paragraphs 20 – 27 including, Paragraph 20 for the specific definition of Trade Secret in the Compliant.

Caselaw supports this conclusion. To satisfy CUTSA pleading, Plaintiff must satisfy *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly* and *Iqbal*, a party is not required to define the trade secrets at issue with particularity at the pleading stage. Certainly, in *Oakwood Laboratories* the court commented that "care must be taken to not allow a plaintiff in a trade secret misappropriation case to make generalized claims that leave a defendant wondering what the secrets at issue might be," but the court also recognized that a "demand for further precision in the pleading is . . . misplaced and ignores the challenges a trade secret plaintiff commonly faces when only discovery will reveal exactly what the defendants are up to." *Oakwood Laboratories, LLC v. Thanoo, et al.*, 993 F.3d 892 (3d Cir. 2021). Here, the allegations are more than sufficiently specific to satisfy the basic requirements.

Preemption.

Defendants' Correspondence further states that Plaintiff's causes of action are preempted under CUTSA. Defendants' argument neglects the fact that Plaintiff's allegations in the other 8 causes of action do not share the same nucleus of facts as the CUTSA claims. These causes of action are also not dependent on the misappropriation of the trade secret and the Complaint pleads sufficient facts to stand alone on those claims. In *Silvaco Data Systems,* the court stated that the savings clause does not affect "contractual remedies" and civil remedies "that are not based upon misappropriation of a trade secret." *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 233 (2010). "The preemption inquiry for those causes of action not specifically exempted by § 3426.7(b) focuses on whether other claims are not more than a restatement of the same operative facts supporting trade secret misappropriation.... If there is no material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in a different claim, the [C]UTSA claim preempts the other claim." *Convolve, Inc. v. Compaq Comp. Corp.*, 2006 WL 839022, at *6

(S.D.N.Y.Mar.31, 2006) (internal quotations omitted) (applying California law) *in Top Agent Network, Inc. v. Zillow, Inc.*, WL 7709655, at *6 (N.D. Cal. Apr. 13, 2015).

For example, Plaintiff's 7th and 8th causes of action for Fraud by Concealment and Fraudulent Misrepresentation are not based on Defendants' misappropriation of trade secrets, rather, they are based on Patil's failure to disclose material information, and making false material representations to Plaintiff while serving as a Director of Growth of Curfew. In fact, they have nothing whatsoever to do with the stolen trade secrets. Plaintiff's six other claims are based on Defendants' wrongful conduct such as, *inter alia*, Patil's violations of his fiduciary and other duties to Curfew.

For the reasons discussed above, we do not see that your letter establishes any reason that Plaintiff should amend its Complaint. Nonetheless, if you continue to believe that there is any further or other concern that you have which might support this request, please provide it at your first convenience and we would be pleased to consider it. In the meantime, however, we believe that the claims are all sufficiently clear as they stand.

In conclusion, and after a thorough evaluation of Defendants' arguments and cited case law in support of their arguments, Plaintiff is not inclined to amend the Complaint, nor to either stay or transfer the pending California action because Plaintiff's Complaint is alleged with sufficient particularity, causes of action are not preempted by CUTSA and Central District of California is appropriate for the action. The Indiana case should be dismissed, lacking jurisdiction over the Defendants therein, and it is the California case that should proceed. In fact, we would ask that your clients seriously consider the dismissal of the Anticipatory Claim so that the issues between them can be resolved with one claim, in California.

Finally, if your client is truly concerned about multiple claims proceeding, perhaps either dismiss the Anticipatory Claim or take steps toward furthering the discussions we instigated at the outset of this case toward any possible early resolution of the matter. Otherwise, it is our intention to proceed with the California claim.

Should you wish to discuss further as to your effort to meet and confer so as to avoid unnecessary law and motion in this case, please advise of your availability. In the meantime, should you have any questions or concerns regarding the foregoing, please do not hesitate to contact our office.

Very truly yours,

**COHEN BUSINESS LAW GROUP**
**A Professional Corporation**

*[signature]*

**JEFFREY A. COHEN**

JAC/na
L- Baskin 20230619 MTD Meet and Confer.docx