JEFFREY A. COHEN – SBN 149615
TORIN A. DORROS – SBN 191228 (Of Counsel)
NADINE ALSAADI – SBN 339899
**COHEN BUSINESS LAW GROUP**
*A Professional Corporation*
10990 Wilshire Blvd. Suite 1025
Los Angeles, California 90024-3928
Tel (310) 469-9600 • Fax (310) 469-9610

*Attorneys for* Plaintiff *10PM CURFEW LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10PM CURFEW, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MAYUR DEEPAK PATIL; FUROR MEDIA, LLC, a Tennessee Limited Liability Company; CRUNCH MEDIA, LLC. a Tennessee Limited Liability Company; TRAVLY, INC a Bahamas Corporation,<br><br>Defendants. | Case No. 2:23-cv-02805-MEMF-MRW<br><br>*Hon. Maame Ewusi- Mensah Frimpong*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE TO TRANSFER, OR IN THE ALTERNATIVE TO DISMISS THE COMPLAINT PER FRCP 12(b)(6)**<br><br><u>Hearing</u><br>Date: October 26, 2023<br>Time: 10:00 a.m<br>Location: Courtroom 8B |

Plaintiff's Opposition      i

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    a. Defendants Fail to Meet Their Burden to Establish the Applicability of the First to File Rule ...... 3

    b. Application of the First to File Rule is Precluded by the Anticipatory Suit Exception ................... 5

    c. Plaintiff's Claims are Pled with Sufficient Particularity ...................................................... 8

    d. Plaintiff's Claims are Not Preempted by the California Trade Secrets Act ................................. 11

    e. If after consideration of the above, this Court remains Inclined to Grant Defendants' Motion to Dismiss, Plaintiff Should be Granted Leave to Amend the Complaint to Address Any concerns Remaining ................................................................................................................. 12

III. CONCLUSION .................................................................................................................. 13



# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
   946 F.2d 622 (9th Cir.1991) ................................................................................................. 3, 6

*Alta Devices, Inc. v. LG Elecs.*, Inc.,
   343 F. Supp. 3d 868 (N.D. Cal. 2018) ....................................................................................... 8

*Amerada Petroleum Corp. v. Marshall*,
   381 F.2d 661 (5th Cir.1967) ...................................................................................................... 7

*Autodesk, Inc. v. ZWCAD Software Co.*,
   2015 WL 2265479 (N.D. Cal. May 13, 2015) ........................................................................... 8

*Brit. Telecommunications plc v. McDonnell Douglas Corp.*,
   No. C-93-0677 MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993) ........................................... 6

*Bryant v. Oxxford Express, Inc.*,
   181 F.Supp.2d 1045 (C.D.Cal.2000) ......................................................................................... 7

*Doe v. United States*,
   58 F.3d 494 (9th Cir.1995) ...................................................................................................... 12

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) .............................................................................................. 3

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) ................................................................................. 6, 7

*Navigation Holdings v. Molavi*,
   445 F. Supp. 3d 69 (N.D. Cal. 2020) ...................................................................................... 10

*Vendavo, Inc. v. Price f(x) AG*,
   No. 17-CV-06930-RS, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) ................................... 10

*Ward v. Follett Corp.*,
   158 F.R.D. 645 (N.D.Cal.1994) ............................................................................................ 3, 7

*Watison v. Carter*,
   668 F.3d 1108 (9th Cir. 2012) ................................................................................................ 12

**State Cases**

*Angelica Textile Svcs., Inc. v. Park*,
   220 Cal. App. 4th 495 (2013) ............................................................................................. 11, 12

*Balboa Ins. Co. v. Trans Global Equities*,
   218 Cal. App. 3d 1327 (3d Dist. 1990) ...................................................................................... 5

*Brescia v. Angelin*,
   172 Cal. App. 4th 133 (2009) .................................................................................................. 10

*Diodes, Inc. v. Franzen*,
   260 Cal. App. 2d 244 (Ct. App. 1968) ............................................................................. 8, 9, 10

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*,
   171 Cal.App. 4th 939 (2009) .................................................................................................... 11

*Silvaco Data Systems v. Intel Corp.*,
   184 Cal.App.4th 210 (Cal. Ct. App. 2010) .............................................................................. 11

**Federal Statutes**

17 U.S.C. § 301 ............................................................................................................................. 12
17 U.S.C. § 512 ............................................................................................................................... 4
18 U.S.C § 1836 .............................................................................................................................. 4

**State Statutes**

Cal. Civ. Code § 3426.7 ................................................................................................................ 11
California penal code § 496 ...................................................................................................... 4, 12
Ind. Code 24-2-3-1 .......................................................................................................................... 4

**Federal Rules**

Federal Rule of Civil Procedure 15(a) .......................................................................................... 12
FRCP 12(b)(6) ................................................................................................................. i, 1, 8, 13

## I. INTRODUCTION

Defendant Patil, and others acting in conjunction with him, are alleged to have engaged in significant and various types of wrongdoing including the usurpation of corporate opportunities and the misappropriation of trade secrets from the company that "taught him the ropes" in the social media business. Patil served as Plaintiff's Director of Growth, in charge of creating and pitching new snapchat channels to snapchat for approval through its pre-existing and proprietary relationship and status with Snapchat at the time. Rather than making one company pitch, and perhaps others, Patil told the company he made the pitch and that the pitch was rejected, but in fact took the pitch for himself and started a company on the back of the pitch that had been accepted. Questions abound for discovery as to whether Patil held himself out to be affiliated with the Plaintiff even while making these pitches.

Defendants herein ask this court, in the present motion styled as a "Motion to Stay, or in the Alternative to Transfer, or in the Alternative to Dismiss" this matter all under Federal Rules of Civil Procedure 12(b)(6) ("Motion") to delay or dismiss this case primarily in order to attempt to take advantage of Defendants filing of fan anticipatory claim that Defendants Patil and Furor (not all the Defendants herein) brought against Plaintiff in the Northern District of Indiana, *Mayur Deepak Patil and Furormedia, LLC v. 10PM Curfew LLC*, Case No. 4:23-cv-00016, filed on or about February 13, 2023 ("Anticipatory Action"). The present Motion seeks to dismiss, or delay the present matter, presumably allowing them to be free to pursue the Anticipatory Action filed immediately and in direct response to demand and records preservation correspondence requiring their response even after a lengthy call between counsel laying out the specifics of the claim and discussing Plaintiff's (10 PM's) intent to proceed. The Anticipatory Action, predictably, seeks solely declaratory relief on the exact claims disclosed and discussed at length in Plaintiff's February 10, 2023 letter to Defendants (Defendants RJN Exh. 1, pp. 23-24).

The court should not stay or transfer the instant action in favor of the Anticipatory Action, for a host of reasons, not the least of which is that Defendants seem to gloss over the fact that their action is, in fact, purely anticipatory in nature and should be entirely disregarded and is the subject of a presently pending motion to dismiss on that ground. Defendants focus purely on the notion that Anticipatory Action was filed prior to the California one; however, Defendants glaringly leave out the key fact that 10PM

Curfew requested a response to its February 10, 2023 letter by February 13, 2023 ("Requested Response Date"). 10PM Curfew in fact insisted on receiving a response from Patil to the detailed letter that set forth the claims that 10PM Curfew would file or allege against Patil and his companies if the parties could not reach a resolution without litigation. Instead of responding to 10PM Curfew's demand, Patil and Furor raced to the Indiana court and actually filed the Anticipatory Action on the very Response Date set by Plaintiff herein - February 13, 2023. Classic undeniable rank anticipatory filing seeking to forum shop this matter out of California and into Indiana without any basis.

In the event that argument fails, Defendants also request this court to dismiss the case, claiming that the claims are insufficiently pled and are preempted by the California Uniform Trade Secrets Act ("CUTSA"). Plaintiff attempts to mislead the court into misunderstanding this case as a copyright case and then argues that a copyright claim has not been properly pleaded. There should be no confusion on this point – there is not any copyright claim asserted in this matter at all. Defendants' copyright preemption argument seems to be a gamesmanship tactic in an attempt to misconstrue the narrative and confuse the Court as to what is actually at issue in this case. Defendants are simply now grasping straws to concoct a theory to dismiss 10PM Curfew's action against them when they know that the facts and evidence clearly reflect this case to effectively be solely about Defendants' dishonesty and the taking of corporate opportunities and trade secrets (the direct contact information and the details of the nature of the relationship with Snapchat) and the breach of his fiduciary duties to the Company in the process.

The actions of counsel in the present Motion are a little better than the actions of the Defendants. The Court should avoid rewarding Defendant's and counsel's gamesmanship tactics and hold Defendants accountable for their wrongful acts against 10PM Curfew.

Moreover, Defendants' subterfuge and attempts to convert the stated claims into something other than it only further underscores the lack of merit to Defendants' positions. Defendants point to Plaintiff's recent relocation to Panama as somehow being sinister in nature. There is and was nothing improper about 10PM Curfew's and their senior officer's choice to move to Panama—business decisions are just that, business decisions, and do not reflect some improper conduct as much as Defendants want to incorrectly spin things that way. However, when a party or parties accused of wrongdoing know they have acted illegally or violated other's legal rights it is all too often a common tactic to try to misdirect

people to irrelevant facts and incorrect allege that such facts somehow indicate that the other party is the bad actor. Such is simply a veiled and unpersuasive attempt on Defendants' part to try to hide what ultimately will be readily apparent to this Court down the road—that Defendants wrongful conduct resulted in tens of millions of dollars of profit to the Defendants from Plaintiff's opportunities and trade secrets and thus damages that should be awarded to Plaintiff in this case.

## II. ARGUMENT

### a. **Defendants Fail to Meet Their Burden to Establish the Applicability of the First to File Rule**

Defendants attempt to persuade the Court to believe that the first to file rule applies without laying any foundation for their conclusion. It is rather well settled that "three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues". *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625-626 (9th Cir.1991); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994). However, even if the first-to-file rule is found to be applicable in a given case, the court may still decide to dispense with the rule for equitable reasons. *Id.*

While Defendants spend a significant amount of effort trying to establish that the Anticipatory Action was filed before the instant action, they only make a vague conclusory statement in a footnote contending without proof that the parties and issues are similar in this case to those in the Anticipatory Action. (Motion p. 9 fn. 8). Unlike what Defendants seemingly believe and conclude, the parties in the two cases are certainly not the same and in fact are not similar, with only relational overlap. In fact, the California action has two parties that have already voluntarily submitted to this Court's jurisdiction that are not a part of the Anticipatory Action. Those two parties are Travly, Inc, a Bahamas Corporation and Crunch Media, LLC, a Tennessee limited liability company. A quick review of the Complaint shows that Travly and Crunch media are named defendants and crucial parties to four of the nine claims alleged by 10PM Curfew. Even though Travly and Crunch are not named defendants in the fourth claim for misappropriation of trade secrets, Travly and Crunch took profits that belong to 10PM Curfew for their sole benefit. (see e.g. Complaint ¶¶ 94-99). Travly and Crunch are key parties to Plaintiff's (1) second

claim for breach of California's unfair competition law § 17200; (2) fifth claim for conversion; (3) sixth claim for unjust enrichment; and (4) ninth claim for violation of California penal code § 496, and they are just as liable as Patil and Furor.

Furthermore, the issues in the instant action are distinct from those brought by Patil and Furor against 10PM Curfew in the Anticipatory Action. The Anticipatory Action is purely a declaratory judgment action by fearful, reactionary parties, Patil and Furor, that raced to the court in order to burden 10PM Curfew and attempt to force it to defend itself in a court that has no jurisdiction over it. The Anticipatory Action issues are not similar to those in the instant California action or not so similar that would trigger any application of the First-to-File rule in that both the parties and the claims asserted are different.

The following are the claims brought by Patil and Furor against 10PM Curfew in the Northern District of Indiana: (1) Declaratory Judgment Under the Federal Defend Trade Secrets Act, 18 U.S.C § 1836; (2) Declaratory Judgment Under the Indiana Uniform Trade Secrets Act, Ind. Code 24-2-3-1; (3) Declaratory Judgment for Breach of Fiduciary Duty; (4) Declaratory Judgment for Unjust Enrichment; (5) Declaratory Judgment for Conspiracy; (6) Declaratory Judgment for Digital Millenium Copyright Act, 17 U.S.C. § 512; and (7) Declaratory Judgment for Racketeer Influenced and Corrupt Organization Act ("RICO"). Aside from the third and fourth claims in the Anticipatory Action, none of the other five claims are asserted by 10PM Curfew against Defendants in the California action. In fact, the instant action has a breach of fiduciary duty claim against Mayur Deepak Patil only; thus, even the party to this so-called similar issue is different. Plaintiff's breach of fiduciary duty claim arises out of Patil's breach of his fiduciary duty to 10PM Curfew as an Executive Director of Growth at 10PM Curfew. (Compl. ¶¶ 35, 38, 50). Patil held himself publicly as "Head of Growth of 10PM Curfew" on his website, www.mayurdpatil.com, his social media accounts and in interviews. (*Id*. ¶ 35). Plaintiff's misappropriation of trade secret claim is based on Patil's use of 10PM Curfew's trade secrets without 10PM Curfew's consent or authorization. (*Id*. ¶ 50). Plaintiff's usurpation of business opportunities claim is based on Patil usurpation of Beauty ASMR, a business opportunity that belonged to 10PM Curfew, was developed by 10PM Curfew and 10PM Curfew should have realized its benefits; however, Patil, through his fraudulent conduct took Beauty ASMR along with other 10PM Curfew opportunities in the

beauty and lifestyle social media realm. (*Id*. ¶¶ 57-67).

The issues in the California action must be litigated in California regardless of the Indiana Court's decision on 10PM Curfew's Motion to Dismiss for lack of jurisdiction because the parties and issues in the instant action are wholly separate and distinct than those in the Anticipatory Action. Defendants certainly tried to steal the thunder from the California case but simply got it wrong, as to both the parties and the claims asserted. It is no wonder that Defendants failed to inform this Court that when Patil attempted to push the Anticipatory Case into discovery, the Indiana Court granted 10PM's motion to stay discovery in the Indiana case due to the pending motion to dismiss the Anticipatory Action based on the Indiana Court's lack of jurisdiction over 10PM and the subject matter of the case as a whole. Further the real issues asserted in the instant action require the Court's interpretation of applicable California law to a case brought by a former California entity that sustained damages by Patil, Furor, Crunch and Travly, while in California.

Further, Patil and Furor's Anticipatory Action relies on the theory that a lack of an agreement between the parties to keep trade secrets confidential diminishes 10PM Curfew's arguments that Patil misappropriated its trade secrets and absolves him of liability to 10PM Curfew. However, the court in *Balboa Ins. Co.* asserted that there need not be a confidential relationship between the holder of the trade secret and the person to whom it is disclosed to preserve the trade secret. *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 267 (3d Dist. 1990). Even though there need not be a confidential relationship between the holder of trade secrets, 10PM Curfew, and Patil, there was in fact a confidential relationship between the parties as Patil, as the director of Growth for 10PM knew that he was exposed to information that others at 10PM Curfew were not exposed to. (Compl. ¶ 38).

b. **Application of the First to File Rule is Precluded by the Anticipatory Suit Exception**

Assuming, *arguendo*, that the Court were to somehow find that the first to file rule applies to the Anticipatory Action even when the parties and issues are distinct between the Anticipatory Action and the instant action, the action is still merely a rank anticipatory filing. Patil and Furor's Anticipatory Action falls squarely under the well-recognized exception to the first to file rule, the anticipatory suit exception. The anticipatory suit is an equitable exception "rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a

declaratory relief action over the same issue in another forum.'" *Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) quoting *Brit. Telecommunications plc v. McDonnell Douglas Corp.,* No. C-93-0677 MHP, 1993 WL 149860, at *1 (N.D. Cal. May 3, 1993).

      Here, Defendants Patil and Furor were on direct and specific notice that 10PM Curfew intended to file a lawsuit against them when Patil and Furor rushed to the court and brought a declaratory relief action against 10PM Curfew before the end of the very day they were assured that 10PM would wait. Specifically, 10PM Curfew sent a letter to Patil and Furor on January 20, 2023 requesting that Patil and Furor retain documents in anticipation of litigation. (Defendants RJN Exh. 1). Then on February 2, 2023, not having any response other than to see Patil begin to delete evidence online, 10PM Curfew sent another letter to Patil and Furor explaining the substantial wrongful acts that Patil and Furor have taken against 10PM Curfew and asking if Patil and Furor's counsel would accept service of a complaint against Patil and Furor. (*Id.*). Then, most significantly a third letter was sent to Patil and Furor on February 10, 2023 wherein 10PM Curfew specifically stated the claims it would be brining against Patil and Furor should the parties not reach an agreement by February 13, 2023. (*Id.*). The February 10, 2023 demand letter had an explicit deadline for Patil and Furor to respond by, February 13, 2023, or 10PM will have no choice but to initiate a lawsuit against them. (*Id.*). Instead of responding to Plaintiff's demand letter by the February 13, 2023 due date, Patil and Furor raced to the court and filed a complaint on February 13, 2023 seeking solely declaratory relief against 10PM Curfew for the claims that 10PM asserted in its February 10, 2023 demand letter.

      Defendants' Motion attempts to mislead this court on this point by omitting these details from their Motion and instead lead the Court to believe that 10PM waited around for two months before filing a Complaint in California against them. Patil and Furor's February 13, 2023 complaint in Anticipatory Action court immediately followed their receipt of 10PM Curfew's demand letter and indeed even sought to beat the deadline expressly stated therein. This is and was nothing more than their attempt to maneuver the process to try to deprive Plaintiff from its traditional choice of forum—California. Their filing of the lawsuit in Indiana was unambiguously a "preemptive strike" by Defendants to avoid litigation in California and an exercise in forum-shopping, which should militate against application of the first to file rule. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Patil and Furor filed the

Plaintiff's Opposition        6

1  Anticipatory Action in response to 10PM Curfew's attempt to resolve the issues informally before
2  requiring this Court's involvement.
3      Notably, the court in *Inherent.com v. Martindale-Hubbell,* at 1098 found that "[i]n order for a
4  court to find that the initial suit was anticipatory, the plaintiff in the first action must have been in receipt
5  of 'specific, concrete indications that a suit by defendant was imminent.' *Ward v. Follett Corp.*, 158
6  F.R.D. 645, 648 (N.D.Cal.1994) (Whyte, J.) (citing *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661,
7  663 (5th Cir.1967) (where the court found the filing of a declaratory action by plaintiff anticipatory when
8  it followed receipt of defendant's letter stating that defendant would sue plaintiff in another forum where
9  it could properly serve plaintiff, if plaintiff did not voluntarily submit to jurisdiction in the current
10  forum)); see also *Bryant v. Oxxford Express, Inc.*, 181 F.Supp.2d 1045, 1048–9 (C.D.Cal.2000). Patil and
11  Furor were in receipt of specific indication that a lawsuit by 10PM Curfew was imminent. This is shown
12  by two different approaches. The three letters by 10PM Curfew to Patil and Furor along with a lengthy
13  telephonic conversation between Anthony Dowell, Patil and Furor Indiana counsel, and Jeffrey Cohen,
14  10PM Curfew's California based counsel, establish that a suit by 10PM Curfew was imminent. The three
15  letters and the lengthy conversation put Defendants on notice of the claims and the facts and reasoning
16  supporting the claims that 10PM Curfew was about to bring against defendants. 10PM Curfew clearly
17  inquired as to whether Anthony Dowell would accept service of a suit against his clients in the February
18  2, 2023, and in the February 10, 2023 letter, 10PM Curfew requests a response by a clear and bolded date
19  before 10PM initiates suit. (Defendants RJN. Exh.1). Moreover, and evidencing the anticipatory nature
20  of the Anticipatory Action, 10PM's February 10, 2023 letter satisfies all of the requirements that the court
21  in *Inherent.com v. Martindale-Hubbell* evaluated when determining if an action was anticipatory. The
22  February 10, 2023 letter states in part:

> As explained in our prior communications with your office, Patil has engaged in multiple and repeated actions amounting to multiple counts of usurpation of corporate opportunities, misappropriation of trade secrets, theft of intellectual property, conversion, unjust enrichment, and a litany of other statutory and common law violations of State and Federal law. Since our last letter to your office and telephonic conversation on February 8, 2023, Patil has taken further fraudulent and intentional actions to harm Razvan Romanescu and Darren Lopes personally by disabling or causing to disable their Instagram and other social media accounts. Patil has engaged in actions which quite frankly amount to violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") by engaging a pattern and practice of behavior that is continuing to this date and has actually picked up in pace

since our most recent call. Not only has he engaged in the action we delineated previously but we are now extremely concerned at his latest obvious attacks…. **Please respond to this letter no later than close of business Monday February 13, 2023**.

(Defendants RJN. Exh.1; 10PM February 10, 2023 demand letter).

Indeed, beating the deadline, Patil and Furor filed a complaint in the Northern District of Indiana seeking solely declaratory relief for the claims stated above and referenced in 10PM's letter. Patil and Furor, with notice of an impending suit by 10PM Curfew, intentionally chose to preemptively file a declaratory suit in Indiana. The Anticipatory Action is and has always been nothing more than an anticipatory action by Patil and Furor—it is, has been, and always be simply their misguided attempt to rush to a court that does not have jurisdiction over 10PM and/or the subject matter of the case to avoid having to litigate the claims and face millions of dollars in liability in a California court.  To impose the "first-to-file" doctrine and dismiss or stay or transfer this action, as Defendants now ask of this Court, would unreasonably penalize 10PM Curfew for attempting to resolve the dispute before filing suit.

### c. Plaintiff's Claims are Pled with Sufficient Particularity

Leaving aside Defendants' unpersuasive first to file rule arguments, Defendants also argue that this case should be dismissed on FRCP 12(b)(6) grounds for failure to state a claim essentially arguing that Plaintiff has not sufficiently alleged the various claims in the Compliant. Defendants are incorrect.

Plaintiff's misappropriation of trade secrets claim is pleaded with sufficient particularity where Plaintiff is not required to allege the trade secrets in detail for Defendants. "One who seeks to protect his trade secrets from wrongful use or disclosure does not have to spell out the details of the trade secret to avoid a demurrer to a complaint. To so require would mean that the complainant would have to destroy the very thing for which he sought protection by making public the secret itself" *Diodes, Inc. v. Franzen,* 260 Cal. App. 2d 244, 251 (Ct. App. 1968). *Id*. at 252 (stating the holder of a trade secret "does not have to spell out the details of the trade secret". "Courts have held that the DTSA and the CUTSA share the same pleading requirements for the identification of trade secrets. [A] plaintiff need not 'spell out the details of the trade secret.' " *Alta Devices, Inc. v. LG Elecs.*, Inc., 343 F. Supp. 3d 868, 880-81 (N.D. Cal. 2018) quoting *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015).*"

Plaintiff specifically defines trade secret information for Defendants in paragraph 20 of the

Complaint. Trade Secret Information is the identity of individuals at Snapchat with the ability to approve 10PM Channel submissions and the complaint expressly alleges that the "relationships between [10PM] Curfew and various individuals at these platforms are the protected, proprietary and trade secret information of Curfew and are protected as such." (Compl. ¶ 20). Further, Defendants have already admitted that they are fully aware of the misappropriated trade secrets as Patil states in the Indiana Complaint. (Defendants RJN Exh. 1, p. 6). The identification of the trade secrets in the Complaint here is reasonable because (a) the specific platforms at issue have been identified – Snapchat, Instagram and Tiktok, (b) the identification of the specific individuals, or even departments, at Snapchat and Instagram along with their names, addresses, email addresses and phone numbers is categorically not required, and (c) Patil's position as a managing executive in direct control of the relationships with these individuals and entities make it impossible that the Defendants would not know <u>exactly</u> the trade secret information at issue and be able to fully explore the minutia, should that even be necessary, in discovery.

As to (b) above, there is no requirement to "spill all the beans" in a publicly filed trade secret complaint (particularly where the trade secret would involve naming and identifying the personally identifiable information of a particular individual). For example, the court in *Diodes, Ind. , Supra*, stated "if the subject matter of the claimed trade secret is a manufacturing process, the plaintiff must not only identify the end product manufactured, but also supply sufficient data concerning the process, **without revealing the details of it**, to give both the court and the defendant reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery." (emphasis added) *Diodes, Inc. v. Franzen*, 260 Cal.App.2d 244, 253 (Cal. Ct. App. 1968).

The present claim is, of course, not a manufacturing process but rather misappropriation of secret contact information and the details of the relationship between 10PM Curfew and its platforms, as pled. The "details" referred to in *Diodes* would be the specifics of the contact information and nature of the relationships, the proprietary secrets themselves which are expressly NOT required to be identified at the pleading stage. In the *Diodes, infra* matter the court ultimately required more specificity, but only against an initial averment that alleged merely that the plaintiff had a "secret process". Here, the plaintiff has identified the specific secrets by identifying the specific platforms, has described the individuals at issue and their role and have added to that, that the details of the relationship are also considered to have been

secret and has alleged that they were misappropriated. That is sufficient, to require the specification of the exact names, addresses and phone number in the complaint is nowhere supported by the law or logic, particularly under the circumstances where Patil served as an executive of 10PM Curfew and was Head of Growth at the company with direct exposure to the sensitive business information at issue. Where the Defendants are so intimately familiar with the inner workings of the Plaintiff and the exact data that is alleged to have been misappropriated that discovery on the topic may not even be necessary. The present Motion is form over substance and should be denied as such.

Another court, *Brescia* reversed the trial court's order sustaining the demurrer for failure to comply with California Rules of Civil Procedure §2019.210 (relating to the availability of available discovery to a defendant in trade secret matters). "The trial court identified no deficiency in the trade secret designation that would hamper its ability to protect the parties' proprietary information or to determine the scope of relevant discovery. Brescia's designation therefore was sufficiently particular to meet the standard of section 2019.210." *Brescia v. Angelin*, 172 Cal. App. 4th 133, 152 (2009). "The nature of the identification required in any particular case need only be reasonable under the circumstances. It cannot be divorced from the statutory goals which it is intended to serve. The identification is to be liberally construed, and reasonable doubts concerning its sufficiency are to be resolved in favor of allowing discovery to commence." *Id.* at 151.

Another State case, *Abt v. Mktg. Store Worldwide, LLC*, B276365 (Cal. Ct. App. May 14, 2018) the court stated "At the pleading stage, the plaintiff "does not have to spell out the details of the trade secret to avoid a demurrer to a complaint," but must "allege the ultimate facts showing the existence of a trade secret or other confidential data to state such a cause of action." (citing, *Diodes, Inc. v. Franzen* at 252). Federal case law is consistent with state law, as the court in *Navigation Holdings* stated: "Instead, a plaintiff need only describe the alleged trade secret with sufficient detail to, for example, "separate [the trade secret] from matters of general knowledge." *Navigation Holdings v. Molavi*, 445 F. Supp. 3d 69, 76 (N.D. Cal. 2020), quoting *Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018).

Therefore, the identification of the platforms at issue together with the allegation that the contact information and the nature of the relationship with the platforms is amply sufficient to place the defendant

on notice of the specific trade secrets allegedly misappropriated, and the present Motion should be denied.

### d. **Plaintiff's Claims are Not Preempted by the California Trade Secrets Act**

Again, the present Motion seeks to confuse and divert this Court. Claims based on facts independent of misappropriation are not displaced by CUTSA claims. 10PM Curfew's Complaint has allegations against Patil's misappropriation of trade secrets and allegations against Patil's breach of fiduciary duty and fraud. The allegations for Patil's breach of fiduciary duty are wholly independent and are completely distinct from the misappropriation of trade secrets claim because they are based on entirely different wrongful conduct by Defendant Patil. The CUTSA statute contains a savings clause that "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal.App. 4th 939, 962 (2009); Cal. Civ. Code § 3426.7. The savings clause does not affect civil remedies "that are not based upon misappropriation of a trade secret." See *Silvaco Data Systems v. Intel Corp.*, 184 Cal.App.4th 210 (Cal. Ct. App. 2010). See *Angelica Textile Svcs., Inc. v. Park*, 220 Cal. App. 4th 495, 510 (2013) (UCL claims based on "breach of fiduciary duty, unfair competition" and "conversion" would not be displaced where plaintiff presented evidence that defendant's wrongful conduct "was independent of any trade secret claim").

Plaintiff's eight other claims (other than the misappropriation of trade secrets claim) stem from Defendants wrongful actions against 10PM Curfew such as stealing the Beauty ASMR channel, a channel that was developed by 10PM Curfew and its employees. (Compl. ¶ 49). Defendants have realized benefits that belong to 10PM Curfew by lying to and deceiving 10PM Curfew and improperly breaching fiduciary duty by taking corporate opportunities for his own personal use while serving as "Head of Growth" and held an executive position at 10PM Curfew. (see Compl. generally) Plaintiff's allegations do not share the same nucleus of facts, for example:

- Usurpation of Business Opportunities: As a Director of Growth Patil was exposed to Curfew's business opportunities such as Beauty ASMR and was privy to Curfew's internal Snapchat strategy surrounding its beauty first verticals since he was responsible for implementing the opportunities for Curfew. The Beauty ASMR and other usurped business opportunities taken by Defendants were squarely within the business areas of Plaintiff, namely Beauty and Lifestyle social media and Plaintiff had the knowledge, ability and capacity to fully exploit all such opportunities.
- Fiduciary Duty: At all times mentioned [in the Complaint], Defendant Patil, was an executive and Director of Growth at Curfew, Defendant Patil was an agent and fiduciary of Plaintiff and owed

duty of loyalty, care, and good faith and fair dealing to the conduct of Curfew's affairs, including a duty to act in the highest standard of good faith and fair dealing towards Plaintiff, and to refrain from obtaining any advantage over Plaintiff by the slightest misrepresentation, concealment, threat or adverse pressure of any kind. Defendant Patil breached his fiduciary duties when Defendants submitted the Beauty ASMR channel that was created using Curfew's resources to Snapchat under Defendants' name and/or other entities under Patil's control.

(Compl. ¶¶ 59-60, 69)

Similar to the *Angelica* case, the defendant here breached his fiduciary duty to Plaintiff by taking Plaintiff's logo amongst other 10PM Curfew work without Plaintiff's consent. (Compl. ¶¶ 59-60, 69). Defendant Patil also committed fraud by concealment and fraudulent misrepresentation when Patil knowingly mislead 10PM Curfew about the submission of Beauty ASMR pilot to Snapchat. Patil advised Plaintiff that he submitted Beauty ASMR for 10PM Curfew's benefit when the reality was that Patil submitted Beauty ASMR for his own benefit and that of the Defendants. (*Id*. generally). The entity Defendants are as liable as Patil is as they converted Beauty ASMR, violated California penal code §496, engaged in unfair competition with Plaintiff and were unjustly enriched by Beauty ASMR. (*Id*.).

Plaintiff's claims cannot be displaced by CUTSA because they do not depend on the misappropriated trade secrets[1].Thus this Court should deny Defendants' Motion.

### e. If after consideration of the above, this Court remains Inclined to Grant Defendants' Motion to Dismiss, Plaintiff Should be Granted Leave to Amend the Complaint to Address Any concerns Remaining

The Court should permit Plaintiff leave to amend its Complaint in the event that the Court grants Defendants' Motion to dismiss based on 12(b)(6). Leave to amend a complaint is to be liberally granted. Courts are to be very liberal in permitting amendments, "Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely 'when justice so requires.' '[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) citing *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). To the extent this Court

---

[1] Plaintiff need not address Defendants made up facts and arguments regarding the Copyright Act, 17 U.S.C. § 301 (Motion p. 18-19) because Plaintiff does not allege any copyright protections in Plaintiff's Complaint. Defendants' copyright preemption argument seems to be a gamesmanship tactic in an attempt to misconstrue the narrative and confuse the Court as to the facts at issue in the case.

is inclined to grant Defendants' Motion, Plaintiff 10PM respectfully requests leave to amend the Complaint.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs request that Defendant's Motion to Stay or, in the Alternative, Transfer, or in the Alternative Dismiss per FRCP 12(b)(6) be denied its in entirety and be permitted to proceed. To the extent this Court is inclined to grant Defendants' Motion, Plaintiff 10PM respectfully requests leave to amend the Complaint.

Dated: July 14, 2023              **COHEN BUSINESS LAW GROUP**
                                  *A Professional Corporation*


                                  By:          /S/
                                      **JEFFREY A. COHEN**
                                      **TORIN A. DORROS**
                                      **NADINE ALSAADI**
                                      *Attorneys for Plaintiff,* **10PM CURFEW LLC**

