O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10PM CURFEW, LLC, a California limited liability company,<br><br>                              Plaintiff,<br><br>         v.<br><br>MAYUR DEEPAK PATIL; FUROR MEDIA, LLC, a Tennessee limited liability company; CRUNCH MEDIA, LLC, a Tennessee limited liability company; TRAVLY, INC., a Bahamas corporation,<br><br>                              Defendants. | Case No.:  2:23-cv-02805-MEMF<br><br>**ORDER GRANTING IN PART MOTION TO STAY, OR IN THE ALTERNATIVE TO TRANSFER, OR IN THE ALTERNATIVE TO DISMISS THE COMPLAINT PER FRCP 12(b)(6) [ECF NO. 22]** |

Before the Court is the Motion to Stay, or in the Alternative to Transfer, or in the Alternative to Dismiss filed by Defendants Mayur Deepak Patil; Furor Media, LLC; Crunch Media, LLC; and Travly, Inc. For the reasons stated herein, the Court hereby **GRANTS IN PART** the Motion to Stay, or in the Alternative to Transfer, or in the Alternative to Dismiss.

/ / /

/ / /

/ / /

## I.    **Factual Background**[1]

### A.  The Parties

Plaintiff 10PM Curfew, LLC ("10PM Curfew"), a California company founded in 2019, had one of the fastest growing female lifestyle, beauty, and fashion networks on the internet. Compl. ¶¶ 1, 19. 10PM Curfew's business model was based on the production or re-distribution of third-party video content on major social media platforms including Snapchat, Instagram, and TikTok. Compl. ¶ 19. 10PM Curfew has several high level and exclusive business relationships with these social media platforms. Compl. ¶ 20. 10PM Curfew regards these relationships as its protected and proprietary trade secret information. *Id.*

In April 2021, 10PM Curfew hired Defendant Mayur Deepak Patil ("Patil") to assist with the curation of third-party content. Compl. ¶¶ 25, 26. Patil's work with 10PM Curfew exposed Patil to 10PM Curfew's confidential and trade secret information. Compl. ¶¶ 27, 37. At one point, Patil served as the Director of Growth (or Head of Growth) at 10PM Curfew, and was responsible for curating, submitting, and publishing channel content on Snapchat. Compl. ¶ 34.

### B.  Snapchat and the Beauty ASMR Channel

Snapchat is a popular social media platform operated by Snap Inc. Compl. ¶ 28. Some publishers, such as 10PM Curfew, are "pre-approved" to publish new channels on Snapchat. Compl. ¶¶ 29, 30. Snapchat specifically pre-approved 10PM Curfew as a "beauty and lifestyle" publishing partner. Compl. ¶ 30.

On July 31, 2021, 10PM Curfew instructed Patil to establish a new Snapchat channel concept to be known as "Beauty ASMR."[2] Patil told 10PM that Snapchat rejected the proposal, but 10PM

---

[1] All facts stated herein are taken from the allegations in Plaintiff 10PM Curfew, LLC's Complaint, ECF No. 1 ("Compl."), unless otherwise indicated. Because the Court does not reach the merits of Defendants arguments for dismissal, the Court need not assume that these allegations are true and does not make any finding of the truth of these allegations, which are included only as background.

[2] ASMR, or autonomous sensory meridian response, is defined as "a pleasant tingling sensation that originates on the back of the scalp and often spreads to the neck and upper spine, that occurs in some people in response to a stimulus (such as a particular kind of sound or movement), and that tends to have a calming effect." *ASMR,* Merriam Webster, https://www.merriam-webster.com/dictionary/ASMR (last visited Dec. 15, 2023).

Curfew later discovered (in 2023) that Patil created his own Beauty ASMR pitch, which was approved and launched on August 30, 2021. Compl. ¶¶ 45–53. In 2022, 10PM Curfew fired Patil over productivity concerns. Compl. ¶¶ 54, 55.

**II.    <u>Procedural History</u>**

After 10PM discovered Patil's Beauty ASMR channel, on January 20, 2023, 10PM Curfew's counsel sent Patil a preservation letter that mentioned 10PM Curfew's belief that Patil breached his fiduciary duties to 10PM Curfew and misappropriated 10PM Curfew's intellectual property. Request for Judicial Notice ("RJN") ECF No. 24, Ex. 1 at pp. 17–20, ECF No. 24-1.[3] The letter states that 10PM Curfew believes it has legal claims against Patil, Furor Media,[4] LLC ("Furor") and Travly, Inc. ("Travly") in addition to potential other entities. *Id.* at pp. 19.

On February 2, 2023, 10PM Curfew's counsel sent a letter to Patil's Indiana counsel, Anthony Dowell, in response to Dowell's January 23, 2023 letter. *Id.* at pp. 21–22. In the letter, 10PM Curfew clarified that the January 20, 2023 letter was not a demand letter, but merely an evidence preservation request. *Id.* at p. 21. In the February 2, 2023 letter, 10PM Curfew's counsel asks Mr. Dowell if he would accept service for Patil in the event that 10PM Curfew decides to proceed with the filing of a complaint. *Id.*

On February 10, 2023, 10PM Curfew's counsel sent another letter Mr. Dowell, stating that 10PM Curfew felt there *may* have been a basis for resolution of the matter based on a phone call between counsel, but that 10PM Curfew had been informed that Patil had allegedly attacked 10PM Curfew's various executives, and demanded that Patil cease and desist his activities. *Id.* at pp. 23–24. The February 10, 2023 letter asked that Patil respond by February 13, 2023. *Id.* at p. 24.

Instead of responding, Patil filed a declaratory relief complaint in the district court for the Northern District of Indiana (the "Indiana Action"), Case No. 4:23-cv-00016. *Id.* at 2 ("Declaratory Relief Complaint"); Def. RFN Ex. 2 at p. 2, ECF No. 24-2. In the Indiana Action, Patil and Furor

---

[3] In referring to Defendant's RJN, the Court's citations use the pagination imposed by the CM/ECF system rather than any pagination inherent to the document.

[4] It appears that Furor Media may be a misspelling, as Patil spells it "FurorMedia". *See* Request for Judicial Notice, ECF No. 24, Ex. 1 at p. 2, ECF No. 24-1.

1    seek declaratory relief under (1) the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) the

2    Indiana Uniform Trade Secrets Act; (3) common law breach of fiduciary duty; (4) unjust

3    enrichment; (5) conspiracy; (6) fraud; (7) the Digital Millennium Copyright Act, 15 U.S.C. § 512;

4    and (8) the Racketeer Influenced and Corrupt Organizations Act ("RICO").

5        Two months later, on April 14, 2023, 10PM filed its complaint in this Court against

6    Defendants Patil, Furor, Crunch Media, LLC ("Crunch Media"), and Travly, Inc. ("Travly," and

7    collectively, "Defendants"). *See* Compl. On July 5, 2023, Defendants filed the instant Motion to

8    Stay, or in the Alternative to Transfer, or in the Alternative to Dismiss. ECF No. 22 ("Motion" or

9    "Mot."). Defendants also filed a Request for Judicial Notice in support of their Motion. *See* RJN.

10   The Motion is fully briefed. *See* ECF Nos. 28 ("Opposition" or "Opp'n"), 29 ("Reply").[5]

11       On December 19, 2023, the Court deemed this matter appropriate for resolution without oral

12   argument and vacated the hearing. ECF No. 22; *see also* C.D. Cal. L.R. 7-15.

### REQUEST FOR JUDICIAL NOTICE

**I.    Applicable Law**

15       A court may judicially notice facts that: "(1) [are] generally known within the trial court's

16   territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

17   cannot reasonably be questioned."  Fed. R. Evid. 201(b). Under this standard, courts may judicially

18   notice "undisputed matters of public record," but generally may not notice "disputed facts stated in

19   public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other*

20   *grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  Once a

21   fact is judicially noticed, the court "must instruct the jury to accept the noticed fact as conclusive."

22   Fed. R. Evid. 201(f).

24   / / /

---

[5] In the briefings, the parties each appear to accuse the other of untoward conduct. The Court directs the parties to review the Court's Civility and Professionalism Guidelines. *See* Central District of California Civility and Professionalism Guidelines, https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines#Lawyer's%20Duties%20to%20Other%20Counsel. In particular, the Court directs the parties to Guideline 4, which directs counsel to "treat adverse parties and witnesses with fairness and due consideration." *See id.* at Guideline No. 4.

## II.  **Discussion**

Defendants ask the Court to take judicial notice of five exhibits: (1) the Declaratory Relief Complaint; (2) the PACER Docket for the Indiana Action as of July 2, 2023; (3) 10PM Curfew's Amended Motion to Dismiss for Lack of Jurisdiction in the Indiana Action; (4) Patil and Furor's Opposition to 10PM Curfew's Amended Motion to Dismiss for Lack of Jurisdiction in the Indiana Action; (5) 10PM Curfew's Reply Re: Amended Motion to Dismiss for Lack of Jurisdiction in the Indiana Action; (6) 10PM Curfew's Statement of Information filed with the California Secretary of State on August 17, 2022; and (7) The Certificate of Cancellation of Limited Liability Company filed by 10PM Curfew with the California Secretary of State on December 22, 2022. RJN at 2.

The Court finds that all the exhibits are appropriate subjects for judicial notice as public records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court thus grants Defendant's RJN as to Exhibits 1 and 2 but declines to take judicial notice of the other documents because the Court did not need to consider those documents in reaching its conclusions here.

## **MOTION TO STAY**

## I.  **Applicable Law**

The "first to file rule" allows "a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule "serves the purpose of promoting efficiency . . . and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Regardless, the "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

There are three considerations a court should make before applying the first to file rule: the chronology of the lawsuits, the similarity of the parties, and the similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). As the Court further

explains below, the Court finds that the three prerequisites are met here, and that the anticipatory suit exception to the first to file rule is not applicable.

## II.    Discussion

### A.  The Three Prerequisites of the First to File Rule Are Met

Here, the parties do not dispute that the Indiana Action was filed first. Instead, the parties dispute the second two requirements—the similarity of parties and issues. The Court finds that the similarity of parties and similarity of issue requirements are met.

As to the similarity of the parties, the first-to-file rule does not require exact identity but substantial similarity of parties. *Id.* Here presence of the additional defendants in this action—Crunch Media and Travly, both of which are companies allegedly controlled by Patil—does not preclude the application of the first to file rule, as the parties are substantially similar across both cases. 10PM Curfew argues that Crunch Media and Travly are "crucial parties" to four of the nine claims alleged by 10PM Curfew. Opp'n at 3. However, Crunch Media and Travly are not distinguished from Patil in any way in these claims (the third, fifth, sixth, and ninth, causes of action). *See* Compl. ¶¶ 76–82 (third cause of action), 94–99 (allegations concerning fifth cause of action), 100–108 (allegations concerning sixth cause of action), 128–133 (allegations concerning ninth cause of action).[6] In fact, the Complaint does not contain *any* factual allegations specific to Crunch Media and Travly either in these causes of action or in the "Facts Common to All Causes of Action" section; they are only mentioned under "Parties" and "Jurisdiction and Venue." CITE.  This belies 10PM Curfew's assertion that their presence means that the parties in these two actions are not substantially similar.

Like the similarity of parties, the similarity of issues prerequisite requires only substantial similarity, and to determine whether two actions involve substantially similar issues, courts look to whether there is substantial overlap between the two suits. *Kohn Law*, 787 F.3d at 1240–41. It is

---

[6] In its Opposition, 10PM Curfew states that Travly and Crunch are "key parties" to 10PM's "second claim for breach of California's unfair competition law § 17200." Opp'n at 3–4. However, there is only one claim for breach of California's UCL, and that is the third cause of action, not the second cause of action. The Court assumes 10PM meant to refer to this third cause of action, as it does not bring its second cause of action (breach of fiduciary duty) against Travly and Crunch Media. *See* Compl. ¶¶ 68–75.

important to note that the inquiry is whether the *issues* are substantially similar, not the claims asserted. *See* Opp'n at 4 (arguing that the claims in the two actions are different). Although the eight claims in the Indiana Action are not identical to the nine claims in this action, there is substantial overlap between the two suits, as the issues at the heart of both actions are whether Patil (directly or indirectly through an entity) wrongfully misappropriated 10PM Curfew's trade secrets and whether Patil's actions in launching his own Beauty ASMR Channel were wrongful given Patil's position at and relationship with 10PM Curfew.

## B.  The Anticipatory Suit Exception Does Not Apply

The Court is not aware of any detailed guidance from the Ninth Circuit on the anticipatory suit exception to the first to file rule. The anticipatory suit exception to the first to file rule "is rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum.'" *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *see also* 17 Moore's Federal Practice – Civil § 111.13 (2023) (detailing the anticipatory suit exception to the first to file rule). A first-filed action is anticipatory where the plaintiff in the first-filed action had "'specific, concrete indications that a suit by defendant was imminent.'" *Id.* at 1098 (quoting *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)).

Based on the record before the Court, the anticipatory suit exception does not apply to the instant action. Although 10PM Curfew's letters mention the possibility of 10PM Curfew filing suit, the letters do not rise the level of providing Patil with "specific, concrete indications that a suit by [10PM Curfew] was *imminent*.'" *Inheret.com* at 1098 (quoting *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (emphasis added). In fact, the letters mention the possibility of resolution without suit (*see* RJN, Ex. 1 at pp. 22 ("If you and your client are truly interest in an early resolution of the claims mentioned, perhaps an early call toward that possibility might be helpful"), 23 ("I felt that the conversation was productive and that it might lead to a potential basis for discussing possible resolution of this matter")) and are ambiguous as whether 10PM Curfew intended to file suit in the imminent future (*see id.* at 21 ("We merely wished to place your client on notice of the nature of claims that are being asserted so as to assist with the obligation to preserve the relevant evidence").

Although 10PM Curfew asked Dowell if he would accept personal service for Patil, the phrasing of the request provided no indication that suit was forthcoming and appeared to be a veiled threat of litigation if Patil did not comply with demands, not necessarily a statement that litigation was imminent. *See id.* at 21 ("In that regard, should we decide to proceed with the filing of a claim, please advise as to whether your office is willing to accept personal service for Mr. Patil . . . ."). Indeed, it appears that 10PM Curfew's counsel had some intention of resolving the matter informally during this time. *See* Declaration of Anthony E. Dowell ("Dowell Decl."), ECF No. 30, Ex. 1 at p. 2,[7] ECF No. 30-1 ("I offered to speak with you . . . to see if we as counsel could try to get the parties to some sort of resolution without the need for lengthy and costly formal proceedings").

10PM Curfew cites to *Inherent.com*[8] as support for its argument that the anticipatory suit exception applies, but there, the demand letter explicitly stated that unless a settlement was reached within five days, plaintiff would file suit, language absent from 10PM Curfew's letters. *Inherent.com*, 420 F. Supp. 2d at 1099–100; *see e.g.,* RJN, Ex. 1 at 24 (letter asking Patil to "Please respond to this letter no later than close of business Monday February 13, 2023" without the threat of litigation should Patil fail to respond).10PM Curfew's argument is also belied by the fact that it did not actually file its complaint until April 14, 2023, *two months after* Patil initiated the Indiana Action.

Although Patil's conduct may have taken 10PM Curfew by surprise, there does not appear to be the bad faith "race to the courthouse" warranting a departure from the first to file rule.

### C.  Staying the Action is Appropriate in This Case

The Court must now determine whether to dismiss, stay, or transfer the present action. The Court finds that in this instance, staying the case is the appropriate action because the Indiana district court may dismiss the Indiana Action via a pending motion to dismiss for lack of jurisdiction. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) ("In such cases, where the

---

[7] In citations to the Dowell Decl., the Court uses the pagination imposed by the CM/ECF system rather than any pagination inherent to the document.

[8] Defendants appear to have misread *Inherent.com* insofar as they argue that the anticipatory suit exception was not applied. Reply at 2. The court in *Inherent.com* clearly found that the first-filed action *was* anticipatory and therefore *refused* to dismiss the second action under the first to file doctrine. *Inherent.com*, 420 F. Supp. 2d at 1100.

first filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed"); RJN Ex. 2 at 6.

Because the Court does not reach the merits of the Motion insofar as it calls for dismissal of the action, the Court DENIES the rest of the Motion WITHOUT PREJUDICE. Should the stay in this case be lifted, Defendants may then bring a motion to dismiss as to the merits of the claims.

**III.    <u>Conclusion</u>**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion is GRANTED IN PART;

2. This action is STAYED pending the outcome of the motion to dismiss currently pending in the Indiana Action; and

3. The parties shall file a joint report every ninety (90) days, starting from the date of this Order. The parties are also directed to jointly notify the Court within forty-eight (48) hours of a ruling on the pending motion to dismiss in the Indiana Action.


IT IS SO ORDERED.

Dated: December 21, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge